UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINTON RUSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-00830-JRS-TAB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Quinton Rush, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his convictions for dealing in cocaine and dealing in marijuana in Indiana Case No. 91D01-1602-F2-72. His petition raises a sole ground for relief—that the evidence against him was obtained following an illegal traffic stop in violation of the Fourth Amendment. The respondent has filed a motion to dismiss the petition, arguing that Fourth Amendment claims are not cognizable on habeas review. In reply, Mr. Rush argues that the Court should consider his Fourth Amendment claim because he did not receive a full and fair hearing on this issue in state court. For the reasons explained below, the petition for a writ of habeas corpus is **DENIED**.

I.
BACKGROUND

On April 10, 2016, at around 2:31 a.m., Deputy Matthew White observed Mr. Rush driving a car with an unilluminated taillight. Dkt. 7-5, p. 2. He contacted dispatch and learned that the license plate was registered to a black 2011 Ford Fusion. *Id.* Although Mr. Rush was driving a 2011 Ford Fusion, the car's color was "electric blue" rather than black. *Id.* at 2-3. Deputy White initiated a traffic stop based on this discrepancy and the unilluminated taillight. *Id.* at 3.

The moment that Mr. Rush rolled down his window, Deputy White smelled burnt marijuana. *Id.* Mr. Rush told him that he had "just smoked a joint earlier." *Id.* Deputy White ordered Mr. Rush and his passenger out of the vehicle. *Id.* He conducted a pat-down for officer safety and found a roll of cash in Mr. Rush's pants pocket. *Id.*

Deputy White and a second deputy searched the vehicle. *Id.* In the center console, they found a pipe with burnt residue that smelled like marijuana, a loaded handgun, and a loaded magazine. *Id.* In the backseat, they found a smoking device containing marijuana and a jacket containing a large roll of cash. *Id.* In the trunk they discovered a jar filled with marijuana, a jar filled with cocaine, two scales, and two one-gallon plastic bags filled with stacks of smaller plastic bags. *Id.* at 3-4.

Following a jury trial, Mr. Rush was convicted of dealing cocaine, dealing marijuana, and operating a vehicle with a controlled substance in the body and received a sentence of 17.5 years. *Id.* at 4-5.

The Indiana Court of Appeals held that the traffic stop did not violate the Fourth Amendment. *Id.* at 6-7. The court concluded that "Deputy White had a high degree of suspicion" that Mr. Rush had violated Indiana's vehicle registration statute by failing to provide an accurate vehicle color to the Bureau of Motor Vehicles. *Id.* Relying on the Seventh Circuit's decision in *United States v. Uribe*, 709 F.3d 646 (7th Cir. 2013), Mr. Rush argued that a police officer may not initiate a traffic stop based on a discrepancy in vehicle color alone. Dkt. 7-4, pp. 26-27. However, the court distinguished *Uribe*, noting the defendant in that case "was driving a vehicle registered in Utah" and therefore could not have possibly violated Indiana's vehicle registration statute. Dkt. 7-5, pp. 7-8 citing *Uribe*, 709 F.3d at 653.

In a footnote, the court stated, "Because we conclude the color discrepancy was sufficient to provide a reasonable suspicion for the traffic stop, we need not address Deputy White's second reason for stopping Rush, which was an unilluminated taillight, a reason which Rush argues is contrary to the police officer's body camera footage." *Id.* at 8 n. 1.

The Indiana Supreme Court denied Mr. Rush's petition to transfer on January 23, 2020. Dkt. 7-7. Mr. Rush filed the instant petition for a writ of habeas corpus on March 13, 2020.

## II.
## LEGAL STANDARD

Federal habeas corpus relief is available only to petitioners who are in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. 2254(a). A petitioner asserting a claim based on the Fourth Amendment must show more than a mere constitutional violation; he must show that the state courts did not provide "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review of a Fourth Amendment violation is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013). In deciding whether the petitioner had a "full and fair hearing" on his Fourth Amendment claim in state court, federal courts look to the last reasoned state-court decision to address the merits of the claim. *Id.* at 1115-16.

## III.
## DISCUSSION

The Indiana Court of Appeals did not deny Mr. Rush a "full and fair" hearing on his Fourth Amendment claim. The court relied on its own precedent to articulate the standard of review and identify the legal basis to exclude evidence for an alleged Fourth Amendment violation. The court then looked to the Indiana traffic code and concluded that Deputy White was authorized to initiate

a traffic stop based on his suspicion that Mr. Rush had violated Indiana's vehicle registration statute. In response to Mr. Rush's reliance on a similar case where the Seventh Circuit held that a traffic stop based on color discrepancy was unlawful, the Court provided an intellectually honest explanation for why that case was distinguishable.

Mr. Rush's argument that he did not receive a full and fair hearing in state court is based exclusively on his claim that the state courts "did not rely on the arresting officer's video, which would have shown that the arresting officer did not tell the truth of the matter regarding not having probable cause for the stop." Dkt. 8, p. 3 (internal quotations omitted). However, the court held that the color discrepancy, standing alone, provided a lawful basis for the traffic stop. Thus, the court did not need to decide whether the allegedly unilluminated taillight provided a distinct basis authorizing the stop. Even if the video proved that Mr. Rush's taillights were illuminated, this fact would not have entitled him to relief.

## IV.
## CONCLUSION

For the reasons explained above, the motion to dismiss, dkt. [7], is **GRANTED**. The motion to preserve evidence, dkt. [6], is **DENIED AS MOOT**. Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 10/22/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

QUINTON RUSH
275478
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov